[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff is seeking damages for personal injuries and property damage sustained in an accident which occurred on September 24, 1991. The plaintiff was operating a bicycle on Chapel Street in New Haven. He was followed by a friend, Thomas Harris, also operating a bicycle. They were travelling in a westerly direction as was the defendant's vehicle, a Connecticut Transit Bus.
At some point, the bicyclists overtook the bus which turned to the right, following the layout of Chapel Street which carries a third separate lane as it reaches the New Have Green. This line is marked for bus loading and unloading.
The plaintiff alleges that the bus veered sharply to the right, striking him and throwing him and his bicycle to the street. His friend struck the rear of the bus.
The defendant has denied liability and argues that the plaintiff was passing on the right, illegally.
DISCUSSION
The pertinent statutes cited by the parties include Sections 14-28a, 14-233 and 14-240.
Section 14-286a is relied on by the defendant because of the duties it imposes on operators of bicycles.
The relevant portion of 14-286a reads as follows:
§ 14-286a. Rights, duties and regulation of cyclists
 (a) Every person riding a bicycle, as defined by section 14-286, upon the traveled portion of a highway shall be granted all of the rights and shall be subject to all of the CT Page 6483 duties applicable to the driver of any vehicle subject to the requirements of the statutes relating to motor vehicles, except as to those provisions which by their nature can have no application and except that each town, city or borough and the state traffic commission within its jurisdiction as provided in section 14-298 shall have authority to regulate bicycles as provided in section 14-289 and said section 14-298, and except as provided by section 14-286c.
Section 14-240 requires that vehicles be driven a reasonable distance apart and based on Section 14-286a, would require that this plaintiff not follow "more closely than is reasonable and prudent."
The defendant also refers to Section 14-233 which deals with passing on the right. Those sections which pertains to this case follow:
§ 14-233. Passing on right
 "The driver of a vehicle may overtake and pass upon the right of another vehicle only when conditions permit such movement in safety and under the following conditions: (1) When the vehicle overtaken is making or has signified the intention to make a left turn; (2) when lines of vehicles traveling in the same direction in adjoining traffic lanes have come to a stop or have reduced their speed; (3) upon a one-way street free from obstructions and of sufficient width for two or more lines of moving vehicles; (4) upon a limited access highway or parkway free from obstructions with three or more lanes provided for traffic in one direction. Such movement shall not be made by driving off the pavement or main-traveled portion of the highway except where lane designations, signs, signals or markings provide for such movement. . . ."
In light of these statutes, it is necessary for the Court to determine what occurred, for if the plaintiff were passing CT Page 6484 illegally the defendant would not be liable. The only evidence that the bus operator was negligent is found in the statements of the plaintiff and his fellow bicyclist, which present some serious contradictions.
The plaintiff stated he was slowing down when the bus veered to the right and struck him. The bus was on the left, he said. Later, he has the bus in front and he is approaching it. The contact was between the front of the bike and the right rear side of the bus.
When he called the defendant to report the accident however, he said that the bus veered to the right, forcing him into the curb. Mr. Harris testified that "Ed (the plaintiff) hit the bus". And, in his deposition he stated that "we were beside it" (i.e., the bus). On his deposition, the plaintiff denied hitting the curb. At CHCP, he apparently told his treatment interviewer that he had lost his balance and fell on his right side.
The Court concludes that the plaintiff was passing the defendant's bus on the right when that vehicle's course to the right, the plaintiff's speed, and the plaintiff's proximity to the bus caused the contact.
The plaintiff's vague recollection of his treatment history would render suspect the question of causation and the reasonableness of the medical bills.
Finally, after telling counsel for the defendant at his deposition that the bicycle had been disposed of, the plaintiff admitted at trial that he still had it at home. The defendant thus was deprived of the opportunity to examine it. The estimate of value was not for the bike damaged in the accident and could not support the claim for property damage.
It should also be noted that the plaintiff offered no evidence to support his allegations of negligence on the part of the defendant.
In his amended complaint, the plaintiff alleged negligence in that:
 "a. In that the defendant's driver and agent made an illegal turn and restricted turn, and in so doing violated Section 14-242 of the CT Page 6485 Conn. Gen. Stats.;
 b. In that the defendant's driver and agent failed to drive its vehicle under proper control at all times as provided by law;
 c. In that the defendant's driver and agent failed to maintain a proper lookout as provided by law;
 d. In that the defendant's driver and agent failed to maintain its vehicle with inadequate brakes or failed to apply his brakes in time to avoid the plaintiff."
As to subparagraph a, the plaintiff and his witness both stated the bus went through the intersection and did not turn right. It was stated it "veered" to the right.
There was no evidence to support b or c, as to control and lookout.
Finally, no mention was made as to the condition of the brakes or that they were not applied in timely fashion.
CONCLUSION
The court concludes that the plaintiff was passing the defendant's bus on the right when the accident occurred and therefore finds for the defendant on the issue of liability.
Even if the plaintiff had overcome the liability obstacle, he would be precluded from offering evidence of property damage to the bike on two grounds. First, he misrepresented its availability and second, the estimate of value was for another bike.
He would be deemed to have failed to sustain his burden of proof on the issue of medical bills, both as to reasonableness and causation.
Judgment may enter for the defendant.
Anthony V. DeMayo State Trial Referee CT Page 6486